```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 11-Cv-20828-LENARD
                                   MAGISTRATE JUDGE P.A. WHITE

STEVEN A. McGEE,              :

     Petitioner,              :

v.                            :        REPORT OF
                                       MAGISTRATE JUDGE
WARDEN McGREW, ET AL.,        :

     Respondents.             :
_____
```

## I. Introduction

Steven McGee, who is presently confined at the Federal Detention Center ("FDC") at Miami, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to Title 28, Section 2241 attacking his transfer to, and incarceration at, FDC Miami.

This cause has been referred to the undersigned for consideration and report pursuant to Administrative Order 2003-19.

The Court has for its consideration the petition (DE# 1), and the Government's response to an order to show cause (DE# 14), McGee's reply (DE# 25), and the exhibits submitted by both parties. McGee has filed motions for bond (DE# 17-18) and for temporary restraining order (DE# 19), which the undersigned recommended denying in a Report dated July 1, 2011. (DE# 23). McGee subsequently filed motions for declaratory judgment (DE# 24, 26), which the undersigned denied in a paperless order because, as stated in McGee's pleadings, they were filed in response to the Government's pleadings and in objection to the July 1 report addressing the temporary restraining order. (DE# 27).

Construing McGee's filings liberally, he appears to raise the following claims for Section 2241 relief:

1. McGee was illegally transferred from Allenwood Low Security Correctional Institution ("LSCI") to FDC Miami while two habeas petitions were pending in Pennsylvania federal court, in violation of Federal Rule of Appellate Procedure 23(a) and the Suspension Clause, which deprived him the chance to file replies and have an evidentiary hearing; and

2. BOP transferred McGee in retaliation for seeking Section 2241 relief and engages in a pattern of abuse to evade habeas proceedings.

McGee seeks immediate transfer back to LSCI Allenwood to continue the habeas proceedings that were pending there, immediate release, or the appointment of counsel and an evidentiary hearing. (DE# 1 at 34).

## II. Procedural History and Facts

McGee is serving a 120-month sentence pursuant to a guilty plea to federal drug charges. See McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010). He was transferred to LSCI Allenwood to serve his sentence in December, 2005. Id.

McGee filed a *pro se* petition for writ of habeas corpus in the Middle District of Pennsylvania on September 4, 2008, case number **08-1663**.[1] He argued LSCI Allenwood's imposition of sanctions for his failure to comply with the Inmate Financial Responsibility Plan ("IFRP") violated his rights to access to courts and due process. (08-1663 DE# 1). On September 10, 2008, the Middle District of Pennsylvania dismissed the petition without prejudice for McGee to

---

[1] The Court takes judicial notice of the Middle District of Pennsylvania's files in cases 08-1663 and 10-2463, and the Third Circuit Court of Appeals' file in case 08-4199. Fed. R. Ev. 201.

raise his claims in a Section 1983 civil rights action. (08-1663 DE# 6). McGee appealed to the Third Circuit Court of Appeals, case number **08-4199**.

On August 24, 2010, while his habeas appeal was pending in the Third Circuit, McGee submitted an Inmate Request to his unit at LSCI Allenwood asking to be transferred to the Coleman Federal Corrections Institution in Central Florida, to be near his family in the area where he planned to be released. (DE# 14-1 at 2). He also requested a recommendation for a year of home confinement pursuant to Second Chance Act. Id. Staff responded that all community program discussions would be held seventeen to nineteen months prior to release, and that a lesser security transfer could be initiated after November 19, 2010. Id.

On November 19, 2010, the Government filed a motion in the Third Circuit, case 08-4199, requesting permission to transfer McGee to another BOP facility while his habeas appeal was pending pursuant to Federal Rule of Appellate Procedure 23(a). (DE# 14-2 at 5). The Government explained: LSCI Allenwood believed it was in McGee's best interest to be transferred to a minimum level facility; McGee would suffer no prejudice because he would not be prevented from litigating his habeas claims; and the Government would agree to substitute warden of new prison as custodian and be bound by the Third Circuit's judgment. The certificate of service shows McGee was served a copy of the motion to transfer. (DE# 14-2 at 6).

On December 2, 2010, the Third Circuit Court of Appeals vacated the District Court's dismissal of McGee's habeas petition and remanded for consideration of McGee's IFRP attacks on the merits because they are cognizable under Section 2241. McGee v.

Martinez, 627 F.3d 933 (3d Cir. 2010) (08-4199). The same day, the Third Circuit granted the Government's unopposed motion to transfer McGee to another facility. (DE# 14-3 at 2). The case was remanded to the Middle District of Pennsylvania where the Government filed a response to the merits of McGee's IFRP claim on January 26, 2011. (08-1663 DE# 28). McGee sought, and was granted, several extensions of time to file a reply due to his "seizure of legal materials" and impending transfer. (08-1663 DE# 29-34).

Meanwhile, on November 29, 2011, McGee filed a second Section 2241 petition in the Middle District of Pennsylvania, case number **10-2463**. He argued LSCI Allenwood officials retaliated against him for pursuing his habeas rights in case 08-1663 and on appeal in case 08-4199 by taking away good time in a disciplinary proceeding. (10-2463 DE# 1). The Government filed a response on January 6, 2011, and McGee filed a reply on January 31, 2011. (10-2463 DE# 12, 13).

McGee was transferred from LSCI Allenwood to FDC Miami on February 8, 2011. (DE# 14-4 at 3).

McGee filed his Section 2241 petition in the instant case - claiming illegal transfer to FDC Miami and BOP's pattern of avoiding habeas proceedings - on February 21, 2011, shortly after his transfer to FDC Miami.

After his transfer, he also continued to actively litigate his two habeas cases in the Middle District of Pennsylvania. In case **08-1663**, McGee filed a reply on the merits of his IFRP claim on June 20, 2011, and has also filed motions for stay and declaratory judgment. (08-1663 DE# 37-40). In case **10-2463**, the Middle District of Pennsylvania dismissed McGee's petition claiming retaliation

4

with regards to good time on July 19, 2011.[2] (10-2463 DE# 18). McGee filed a notice of appeal on August 4, 2011. (10-2463 DE# 19).

An affidavit of Myriam Harrison, the Warden's Secretary at FDC Miami, explains McGee has filed two administrative remedies since he arrived at FDC Miami. (DE# 14-4 at 2). On April 14, 2011, he appealed a Unit Discipline Committee Action, and on April 20, 2011, he requested that an additional copy machine be placed in Education. McGee has not filed any remedy regarding his transfer from LSCI Allenwood to FDC Miami. (DE# 14-4 at 3-4).

### III. Discussion

Prisoners seeking habeas relief under Section 2241 are subject to administrative exhaustion requirements. <u>Skinner v. Wiley</u>, 355 F.3d 1293 (11th Cir. 2004). This requirement is jurisdictional. <u>Winick v. England</u>, 327 F.3d 1296 n.1 (11th Cir. 2003); <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992).

BOP has established an Administrative Remedy Program which provides a grievance procedure for prisoner complaints. 28 C.F.R. §§ 542.10-542.19; Program Statement 1330.16. First, a prisoner must seek resolution of the issues through informal grievance to institution staff. 28 C.F.R. § 542.13(a). If unsuccessful, a prisoner may then submit a formal written Administrative Remedy Request using a BP-9 form to the institution within twenty calendar days following the date on which the incident occurred. 28 C.F.R.

---

[2] The District Judge denied habeas and injunctive relief based, in part, on the apparently erroneous belief that McGee was still housed at LSCI-Allenwood at the time the order issued and that there was no possibility of a transfer during the pendency of that action. However, the court correctly noted that McGee had already filed a traverse and would not be required to make any additional filings in the matter, therefore, "there is no likelihood that he will be subjected to a retaliatory denial of his legal property." (10-2463 DE# 18 at 7).

5

§ 542.14(a). If a prisoner is not satisfied with the warden's response to his BP-9, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. Finally, a prisoner may appeal the Regional Director's response by filing a BP-11 grievance with the Central Office's General Counsel. 28 C.F.R. § 542.15(a).

Unless the grievance is an emergency or the time to respond has been extended, responses must be made by the Warden within twenty calendar days; by the Regional Director within thirty calendar days; and the Central Office within forty calendar days. 28 C.F.R. § 542.18. If the inmate does not receive a response within the time allotted (including any extension), the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18. The Coordinator at any level may reject an inmate's request or appeal if it is obscene or abusive, or does not meet any other requirement. 28 C.F.R. § 542.17(a). An inmate must be provided written notice of a rejection explaining the reason for the rejection, and informing him of a reasonable time extension within which to correct the defect and resubmit, if the defect is correctable. 28 C.F.R. § 542.17(b). When a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, he may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c).

McGee acknowledges he failed to exhaust administrative remedies, but argues exhaustion was unnecessary because he was already engaged in habeas proceedings when he was illegally transferred, and because engaging in the administrative remedy process would be futile.[3] (DE# 25).

---

[3] McGee alleges he attempted to exhaust his administrative remedies by mailing a BP-10 form on May 8, 2008, to the Southeast Regional Office in Atlanta, but claims this form was never taken to the post office. He also claims he submitted a BP-8½ form to FDC Miami Counselor Fernandez on May 17,

Although judicially created exhaustion requirements ordinarily are subject to narrow exceptions, including futility, there are grounds for doubt that a futility exception is available with regards to Section 2241 petitions. See <u>Jaimes v. United States</u>, 168 Fed. Appx. 356, 359 (11th Cir. 2006) ("whether he may even assert a futility exception to the [exhaustion] requirement is questionable")[4]; <u>Hicks v. Jordan</u>, 165 Fed. Appx. 797, 799 (11th Cir. 2006) ("Given our precedent that the exhaustion requirement in § 2241 cases ... is jurisdictional, whether [a petitioner] may even assert a waiver or futility exception to the requirement is questionable"); <u>see</u> <u>also</u> <u>Rey v. Warden, FCC Coleman-Low</u>, 359 Fed. Appx. 88, 90-91 (11th Cir. 2009) (noting "exhaustion is mandatory" in Section 2241 claims).

McGee's argument that he should be excused from the exhaustion requirement because he was transferred while other habeas cases were pending in Pennsylvania federal courts should be rejected. The exhaustion requirement is mandatory. The fact that McGee had raised other claims in Pennsylvania courts prior to his transfer is irrelevant to the claims he raises here. He was required to present them to BOP for resolution before seeking habeas relief and failed to do so. See <u>Rey</u>, 539 Fed. Appx. 90-91.

Assuming a futility exception is available, McGee has failed to demonstrate it applies in his case. Exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the

---

2011, alleging that some legal mail was missing, to which he had received no response as of June 26, 2011. McGee's motion for temporary restraining order includes an appendix of exhibits which lists these grievances, but explains he has not provided copies of these documents because FDC Miami refuses to photocopy his exhibits. <u>See</u> (DE# 19 at 7-8); (DE# 25 at 19).

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent, but may be cited as persuasive authority. 11th Cir. R. 36-2.

petitioner bears the burden of demonstrating the futility of administrative review. See Jaimes, 168 Fed. Appx. at 359. McGee makes conclusory and unsupported allegations that his transfer to FDC Miami and the conditions at that facility render any attempt to exhaust administrative remedies futile. He does not allege he ever attempted to administratively address the specific grounds he presently raises - that his transfer to FDC Miami was illegal and that BOP engages in a pattern of avoiding habeas litigation. Moreover, his general claims that the conditions at FDC Miami prevent him from engaging in the administrative remedy process are not credible in light of the numerous submissions he has made to this Court, other federal courts, and the BOP, during his confinement at FDC Miami.

Accordingly, this Court lacks jurisdiction over the instant petition due to McGee's failure to exhaust his administrative remedies. See, e.g., Martin v. Zenk, 244 Fed. Appx. 974 (11th Cir. 2007)(Section 2241 petition challenging denial of inmate's request to be transferred to RDAP dismissed due to failure to appeal denial of administrative request to Central Office); Keys v. Dep't of Justice, 136 Fed. Appx. 313 (11th Cir. 2005)(Section 2241 petition dismissed where inmate failed to exhaust claim regarding good time credit); Kyle v. Hanberry, 677 F.2d 1386 (11th Cir. 1982) (dismissing portion of habeas petition challenging disciplinary committee's imposition of a sanction where the inmate failed to exhaust administrative remedies).

Moreover, even if McGee had exhausted his claims he would not be entitled to relief. McGee's claim that he was illegally transferred to FDC Miami is meritless. He requested a transfer to Coleman institution in central Florida. BOP granted his request for a transfer to Florida and placed him at FDC Miami. Apparently this

8

institution is not to his liking. However, the transfer was well within BOP's exercise of discretion and consistent with McGee's own request; his present position that the transfer was illegal should be rejected. See McKune v. Lile, 536 U.S. 24, 39 (2002) (prisoners do not have a constitutionally protected right to be transferred to a particular penal institution). McGee's contention that BOP engages in a pattern of thwarting habeas actions is too speculative to warrant relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007) (factual allegations must raise a right to relief beyond the speculative level; the complaint must contain something more than facts that merely create a suspicion of a legally cognizable right of action). Further, his claim that BOP transferred him in order to thwart his pending habeas actions in Pennsylvania is unsupported by the record. BOP gained permission to transfer McGee after agreeing that the habeas appeal in the Third Circuit would not be affected. Indeed, the record indicates no disruption occurred. McGee continued to vigorously litigate in the Third Circuit and Pennsylvania district courts after his transfer to FDC Miami. Therefore, even if McGee had properly exhausted the instant claims they would fail on the merits. No evidentiary hearing or other relief is warranted.

## IV. Conclusion

Based on the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed with prejudice, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 8th day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Steven A. McGee, *pro se*
Reg. No. 10511-040
FDC – Miami
Federal Detention Center
Inmate Parcels/Mail
PO Box 019120
Miami, FL 33101

Karin D. Wherry
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132

Anne Ruth Schultz
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132